Henry G. PUGSLEY, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Joseph T. REZZONICO, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 84–8316, 84–8318 Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 2, 1985.

Rehearing and Rehearing En Banc Denied Feb. 26, 1985.

Scott McLarty, Athens, Ga., for petitioners-appellants.

Michael Paup, Glenn L. Archer, Jr., Asst. Atty. Gen., Gilbert S. Rothenberg, Nancy Morgan, U.S. Dept. of Justice, Tax Div., Fred T. Goldberg, Chief Counsel, I.R.S., Robert B. Miscavich, Sr. Technician Reviewer, Washington, D.C., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

These two appeals arise from the tax court's dismissal of the taxpayers' petitions for redetermination of income tax deficiencies. We affirm the dismissals for lack of jurisdiction because the petitions were filed after the expiration of the 90-day period permitted for filing such petitions.

The facts in each case are undisputed. On October 4, 1983, the Commissioner of Internal Revenue sent to appellant Pugsley a statutory notice of deficiency in income tax. This notice was addressed to Pugsley at a Tampa, Florida address, and was immediately forwarded to Pugsley at his current address in St. Mary, Georgia, where he received the notice in ordinary course. On January 3, 1984, Pugsley's attorney delivered to a private delivery service, Federal Express, a petition for redetermination of the tax deficiency. This petition was hand-delivered by Federal Express to the tax court on the next day, January 4th. On October 11, 1983, the Commissioner sent to appellant Rezzonico a similar notice of deficiency. On January 9, 1984, Rezzonico's petition for redetermination of the tax deficiency was given to Delta Dash, another private delivery service; and Delta Dash hand-delivered the petition to the tax court on January 10th. Both appellants' petitions were dismissed by the tax court for lack of jurisdiction because the petitions had not been filed within 90 days from the dates the notices of deficiency were mailed to them.

## DISCUSSION

■ Section 6212(a) of the Internal Revenue Code permits the Commissioner to send a notice of deficiency by mail if he determines a deficiency in income tax. This notice "shall be sufficient" if mailed to the taxpayer at his "last known address." I.R.C. § 6212(b)(1). Under section 6213(a), the taxpayer may file a petition for redetermination of the deficiency within 90 days after the notice of deficiency is mailed; and timely filing of such a petition is a jurisdictional prerequisite for a suit in the tax court. *Rich v. Commissioner,* 250 F.2d 170, 175 (5th Cir.1957).

### A. *Last Known Address.*

■ Pugsley contends that the notice of deficiency was not sent to his last known address, which caused a delay in his receipt of such notice, and that the 90-day period should thus be extended to allow him a full 90 days from his actual receipt of the notice in which to file his petition. We do not determine whether the notice was sent to

Pugsley's "last known address,"[1] since even if it was not, Pugsley was not prejudiced because he "received actual notice of the deficiency with ample time remaining to file a petition." *Mulvania v. Commissioner*, 81 T.C. 65, 69 (1983). Thus, the notice was effective from the date of mailing. *Id.; see also Frieling v. Commissioner*, 81 T.C. 42, 57 (1983) (notice effective if received without prejudicial delay by taxpayer); *Looper v. Commissioner*, 73 T.C. 690, 699 n. 7 (1980) (suggesting that where the Commissioner sends a notice to the wrong address which the Post Office immediately forwards to the taxpayer, the court might conclude that the notice is valid).

B. *Timely Mailing as Timely Filing.*

■ Section 7502 of the Internal Revenue Code provides that timely mailing of a document through the United States mails may be equivalent to timely filing of the document. Section 7502(a) provides that if any document which must be filed within a prescribed period is after that period "delivered by United States mail" to the officer where it is to be filed, then the date of the United States postmark stamped on the cover in which the document is mailed "shall be deemed to be the date of delivery." Section 7502(b) states that "[t]his section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by

regulations prescribed by the Secretary." Appellants in these cases contend that their petitions were timely filed under section 7502 because they were delivered to private delivery services on the last day permitted for filing.[2]

The language of section 7502 is "clear, explicit, and strictly limited." *Drake v. Commissioner*, 554 F.2d 736, 738 (5th Cir. 1977). It is apparent from the numerous references to "United States mail" in the statute and regulations[3] that section 7502 is intended to apply only to mail delivered by the United States Postal Service and not also to items delivered by a private delivery service. *See Blank v. Commissioner*, 76 T.C. 400 (1981). Appellants argue that it is inequitable to deny them the protections of section 7502, since private delivery services are usually quicker than the U.S. Postal Service in delivering documents; and since the dated receipts given by the private delivery services insure a minimal possibility of backdating documents to avoid a filing deadline. They also argue that making section 7502 inapplicable to private delivery services unfairly restricts competition in the delivery of documents. While these contentions may have some merit, they should be addressed to Congress and not to the courts. It is clear that section 7502 does not apply when delivery of petitions is made by a private delivery service rather

1. We note that taxpayers carry the burden of providing the IRS with a "clear and concise notification" of any change in address. *See e.g., Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974). Pugsley argues that his new Georgia address was provided on his latest W–4 withholding form; but we express doubt whether this was a "clear and concise notification" since W–4 forms are for the employer's benefit and normally not sent to the IRS. *See* Treas. Reg. § 31.3402(f)(2)–1(g).

2. In Pugsley's situation, the 90th day from the mailing of the notice of deficiency fell on a federal holiday, so that his last day for filing (January 3rd) was actually the 91st day from the mailing of the notice.

3. Treasury Regulation § 301.7502–1(a) provides that section 7502 "is applicable ... only if the document is mailed in accordance with paragraph (c) of this section and is delivered in

accordance with paragraph (d) of this section." Paragraph (c) provides that the document must be "deposited with the domestic mail service of the U.S. Post Office." Treas.Reg. § 301–7502–1(c)(1)(ii). Paragraph (d) states that "section 7502 is not applicable unless the document is delivered by U.S. mail to the agency, officer, or office with which it is required to be filed." Treas.Reg. § 301–7502–1(d)(1). It is obvious from the format of the regulations that these requirements are fully applicable in the § 7502(b) situation of "postmarks not made by the U.S. Postal Service." Thus, § 7502(b) must refer to postmarks made by private postage meters on documents which thereafter are transported through the U.S. mail, and not to marks or notations made by private delivery services. *See Blank v. Commissioner*, 76 T.C. 400, 405 (1981).

than the U.S. Postal Service;[4] and thus the tax court's dismissals of these cases for lack of jurisdiction are

AFFIRMED.

---

**4.** We note that taxpayers have not completely lost their day in court, in that they can still pay the deficiency, file a claim for a refund, and file a suit for a refund if that claim is denied. *See Drake v. Commissioner,* 554 F.2d at 739.