**ALBERT J. PETRULIS, D.D.S., S.C., et al., Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Nos. 90–2447 and 90–2448.**

United States Court of Appeals, Seventh Circuit.

Argued April 18, 1991.

Decided July 24, 1991.

Brian L. Hopkinson, Sarner, Collier & Associates, Chicago, Ill., for petitioners-appellants.

Abraham N.M. Shashy, Jr., I.R.S., Gary R. Allen, Gilbert S. Rothenberg, Howard M. Soloman, Dept. of Justice, Tax Div., Appellate Section, Charles S. Casazza, Washington, D.C., for respondent-appellee.

Before WOOD, Jr., CUDAHY, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

A taxpayer has ninety days after the mailing of a notice of deficiency to file a petition for review of the deficiency in Tax Court. The petitioners delivered their petition to Federal Express on the ninetieth day. Before the Tax Court, they argued that the petition was timely under 26 U.S.C. § 7502, which provides that timely mailing of a document through the U.S. mails is the equivalent to a timely filing of the document. The Tax Court disagreed and dismissed the petition. For the following reasons, we affirm the judgment of the Tax Court.

# I

## BACKGROUND

The Commissioner of Internal Revenue (Commissioner) sent notices of deficiency to Albert and Joan Petrulis and to Albert J. Petrulis, D.D.S., S.C. (collectively the Petrulises) by certified mail. Under 26 U.S.C. § 6213(a), the Petrulises could seek review of the tax deficiency by filing a petition with the Tax Court within ninety days after the mailing of the deficiency notice. On the ninetieth day, the Petrulises delivered the petition to Federal Express for overnight delivery. The next day, Federal Express delivered the petition to the Tax Court. The Commissioner moved to dismiss the petition as untimely and submitted that, as a result, the Tax Court lacked jurisdiction. The Commissioner maintained that the timely-mailing-as-timely-filing provisions of 26 U.S.C. § 7502 did not operate to confer jurisdiction on the Tax Court because the Petrulises had not used the U.S. mail service to deliver the petition. The Petrulises conceded that the petition was filed on the ninety-first day, but contended that it was timely under section 7502. The Tax Court granted the Commissioner's motion to dismiss the petition. It ruled that "the timely-mailing/timely-filing provisions of section 7502 ... do not apply where the taxpayer places the petition in the hands of a private air express service (such as Federal Express) for delivery to the Court. Rather, that section is operative only when delivery is made by the United States Post-

al Service." Mem. Op. at 2. The Petrulises filed a timely notice of appeal.

# II

## ANALYSIS

### A. *Guiding Principles*

#### 1. The statutory framework

■ The Tax Court is a court of limited jurisdiction. It may exercise its adjudicatory powers only as Congress has prescribed in the Internal Revenue Code (Title 26 of the U.S.C.). Sections 6212 and 6213 of the Code establish the Tax Court's jurisdictional boundaries. As an initial matter, the Commissioner must determine that a deficiency exists and mail notice to the taxpayer's last known address. *See* 26 U.S.C. § 6212. Thereafter, the taxpayer must file a petition for redetermination of the deficiency within ninety days (150 days if the notice is mailed to an address outside the United States) after the notice of deficiency is mailed. *See id.* § 6213. Filing the petition within the ninety-day period is "a jurisdictional prerequisite for filing a suit in the Tax Court." *Sanders v. Commissioner,* 813 F.2d 859, 861 (7th Cir.1987); *accord McPartlin v. Commissioner,* 653 F.2d 1185, 1188 (7th Cir.1981); *cf. Kavanagh v. Noble,* 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947) (courts are to apply strictly the limitation periods contained in the Internal Revenue Code); *Goulding v. United States,* 929 F.2d 329, 331 (7th Cir. 1991) (timely claim for refund jurisdictional prerequisite to refund suit).

The ninety-day requirement is ameliorated, however, by a timely-mailing-as-timely-filing provision contained in section 7502, which states in relevant parts:

(a) General rule.—

(1) Date of delivery.—If any ... document required to be filed ... within a prescribed period or on or before a prescribed date under authority or any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such ... document is required to be filed ..., the date of the United States postmark

stamped on the cover in which such ... document ... is mailed shall be deemed to be the date of delivery....

(2) Mailing requirements.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the ... document ...

..., and

(B) the ... document ... was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the ... document ... is required to be filed....

(b) Postmarks.—This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.

26 U.S.C. § 7502(a)–(b).

### 2. Statutory construction

This is a case of statutory interpretation. Our task is to "discern the will of Congress and to apply it to the particular facts of the case." *Illinois Dep't of Pub. Aid v. Sullivan,* 919 F.2d 428, 431 (7th Cir.1990). Initially, we must examine the language of the statute. If that language is unambiguous, "our inquiry is at an end; the congressional intent embodied in that plain wording must be enforced." *Bethlehem Steel Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir.1990). If, however, the statute is ambiguous, we must employ other, less satisfactory, means to ascertain the intent of Congress such as resorting to legislative history or deferring to a reasonable construction by executive agencies charged with administering the statute in question. *See Interstate Commerce Comm'n v. Mr. B's Servs.,* 934 F.2d 117, 121 (7th Cir.1991).

### B. *Application of the Principles to This Case*

■ The Petrulises concede that the Commissioner did not receive the petition until the ninety-first day. Therefore, unless section 7502 applies to their tardy filing, the Petrulises' petition must be dismissed. They argue that their situation falls within the protection of section 7502 because the section applies to "postmarks not made by the United States Postal Service." 26 U.S.C. § 7502(b). The quoted phrase is broad enough, contend the Petrulises, to encompass marks and notations made by private carrier services. Moreover, the Petrulises suggest that employing a private carrier service complies with 26 C.F.R. § 301.7502–1(c)(1)(iii)(b), a "regulation prescribed by the Secretary." 26 U.S.C. § 7502(b).

The plain, unambiguous language of section 7502 weighs against the Petrulises' position. "The language of section 7502 is 'clear, explicit, and strictly limited.'" *Pugsley v. Commissioner,* 749 F.2d 691, 693 (11th Cir.1985) (quoting *Drake v. Commissioner,* 554 F.2d 736, 738 (5th Cir. 1977)). On its face, section 7502 contemplates the use of the U.S. mails for delivery; private carrier service is not mentioned. Our colleagues in the Eleventh Circuit have rejected the same argument proffered by the Petrulises and have concluded, "[i]t is apparent from the numerous references to 'United States mail' in the statute and regulations that section 7502 is intended to apply only to mail delivered by the United States Postal Service and not also to items delivered by a private delivery service." *Pugsley,* 749 F.2d at 693 (footnote omitted). Similarly, the Tax Court has rejected the argument pressed by the Petrulises. It has concluded that the phrase "postmarks not made by the United States Postal Service" in section 7502(b) means postmarks made by private postage meters, not those made by private carrier services. Documents postmarked by private meters, observed the court, are still "deposited in the U.S. mail, [are] still transported through the U.S. mail, and [are] 'delivered by United states mail,'" thus satisfying the basic requirements of the general rule set out in section 7502(a)." *Blank v. Commissioner,* 76 T.C. 400, 405 (1981). The court concluded:

There is nothing in the language of section 7502 or in the regulations promul-

gated pursuant thereto that would permit the Court to treat a private delivery service the same as the United States mail for purposes of the timely mailing as timely filing provisions. The Congress, in a carefully crafted statute, used the terms 'delivered by United States mail,' 'mailed,' and 'deposited in the mail.' ... [W]e cannot say that the Congress intended to include delivery by private delivery services.

*Id.* at 406–07. We agree.

Without citing any authority, the Petrulises contend that these decisions present "bad law," and must be rethought in light of section 7502's recodification in 1986 and the acceptable alternatives to the U.S. Postal Service available today. The Petrulises do not develop their recodification point, and we need not do it for them.[1] *See United States v. Giovannetti,* 919 F.2d 1223, 1230 (7th Cir.1990). Moreover, while their second point may have some merit, this is not the proper forum in which to present it. Only Congress can rewrite section 7502 to include documents delivered by private carrier services. *See Pugsley,* 749 F.2d at 693.[2]

### Conclusion

For the foregoing reasons, we affirm the judgment of the Tax Court.

AFFIRMED.

---

1. In any event, we agree with the Commissioner that the recodification of section 7502 has no bearing on this case because no changes were made to that section during the recodification.

2. We also note that the Petrulises' reliance on 26 C.F.R. § 301.7502–1(c)(1)(iii)(b), is misplaced. The regulation speaks of postmarks made other than by the U.S. Postal Service. As we discussed in the text, this phrase refers only to private postage meters, not private carrier services. Even if the Petrulises could overcome this obstacle, however, other impediments foreclose their reliance on this regulation. The section contains terms such as "postmark," and "U.S. Post Office," which demonstrates an intent to include only the U.S. mail services under the regulation. Furthermore, nothing in section 301.7502–1(c)(1)(iii)(b) changes the general rule in 26 C.F.R. § 301.7502–1(a) which provides that section 7502 applies only to those documents that are mailed in compliance with paragraph (c) of the section and delivered in conformity with paragraph (d). One of the mailing requirements of paragraph (c) is that the document "must be deposited within the prescribed time in the mail in the United States," and a document is so deposited "when it is deposited with the domestic mail service of the U.S. Post Office." *Id.* § 301.7502(c)(1)(ii). Moreover, paragraph (d) requires the document to be "delivered by U.S. mail to the agency, officer, or office with which it is required to be filed." *Id.* § 301.7602(d)(1). *See Blank,* 76 T.C. at 407–08. The Petrulises failed to satisfy these requirements.