980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph McADRIAN and Diane McAdrian, Petitioners/Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.
 No. 90-1197.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 9, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The United States Tax Court dismissed the McAdrians' action as untimely because they failed to file within a ninety-day statute of limitations. We affirm.
 
 
 2
 On March 28, 1989, the Internal Revenue Service (IRS) issued Joseph and Diane McAdrian (the McAdrians) a statutory notice of tax deficiency. In that notice, the IRS informed the McAdrians that they could contest the deficiency by petitioning the United States Tax Court within ninety days. Despite this requirement, the McAdrians waited ninety-two days to file their petition.
 
 
 3
 The McAdrians' failure to act within the ninety-day period requires us to affirm the Tax Court. The Tax Court is a court of limited jurisdiction, exercising adjudicatory powers only as prescribed by Congress. Petrulis v. Commissioner, 938 F.2d 78, 79 (7th Cir.1991). Because Congress has provided that filing a timely petition is a "jurisdictional prerequisite for filing a suit in the Tax Court," the Tax Court may not review untimely actions. Id.; 26 U.S.C. § 6213.
 
 
 4
 The McAdrians ask us to waive this jurisdictional requirement. They contend that Mr. McAdrian was under the influence of strong pain killers at the time he received the notice of deficiency. Because of his sedated condition, McAdrian set aside the notice without showing it to his wife. When Mrs. McAdrian finally found the notice, she immediately filed the petition. The McAdrians apparently believe that, because Mr. McAdrian did not understand the importance of the notice, we should toll the ninety-day period until the day that Mrs. McAdrian found the notice.
 
 
 5
 This position lacks support in the tax code. The code provides no exceptions for individuals suffering from mental conditions, except those both under a legal disability and represented by a fiduciary. 26 U.S.C. § 6212(b). Thus, Mr. McAdrian, who was neither under a legal disability nor represented by a fiduciary, should have petitioned the Tax Court by June 26, 1989.
 
 
 6
 McAdrian's failure to file before that date requires us to AFFIRM the Tax Court's decision.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs