In the Matter of Richard Lawrence HALBURG, Pamela P. Halburg, Debtors.

Richard Lawrence HALBURG, Pamela P. Halburg, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 92–81042.
Adv. No. 92–80122.

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Jan. 25, 1995.

Stephen M. Wilson, Huntsville, AL, for debtors/plaintiffs.

Scott J. Crosby, Trial Atty., Tax Div., Washington, DC, for defendant.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiffs seeking the Court to determine the dischargeability of individual income taxes (1040 taxes) owed by them for the taxable years of 1983 through 1989. The trial in this matter was held on the 20th day of January, 1995. Scott Crosby appeared for the United States of America and Steven Wilson appeared for the plaintiffs.

The parties stipulated that the 1989 federal income taxes owed by the plaintiffs are nondischargeable because the return was filed within three years of filing bankruptcy. 11 U.S.C. § 523(a)(1)(A); § 502(a)(7).

From the evidence presented, the Court makes the following findings of fact. On May 2, 1992, the plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code. On June 19, 1992, the plaintiffs filed this adversary proceeding seeking a determination of the dischargeability of their taxes.

The plaintiffs allege that the taxes in question do not fall within the exception to discharge set forth in 11 U.S.C. § 523(a)(1)(A) because the tax returns were timely filed, which was not within three years of filing bankruptcy. The United States alleges that the taxes are nondischargeable because the plaintiffs willfully attempted to evade or defeat the taxes. 11 U.S.C. § 523(a)(1)(C).

The plaintiff, Dr. Halburg, testified that he timely filed the tax returns for the taxable years of 1983, 1984, 1985 and 1986 by placing them in the mail on the respective due dates (April 15th of each year). However, no documents have been presented to the Court that supports this allegation.

Title 26, Section 7502 of the *United States Code* states that if a taxpayer timely mails his return, said return shall be treated as timely filed. The only admissible evidence of the filing of a return is to be that of proof of registered mail or of the postmark date of

the mailed return. *Pugsley v. Commissioner*, 749 F.2d 691 (11th Cir.1985).

The Court is of the opinion that the plaintiffs have failed to prove that the tax returns for the years in question were timely filed. The Court is not persuaded by the testimony of Mr. Halburg, and finds that the tax returns for the years 1983, 1984, 1985 and 1986 were filed on April 6, 1990, the 1987 and 1988 tax returns were filed on April 15, 1989, and the 1989 tax return was filed on April 15, 1990.

■ Having determined that the tax returns for the years in issue were not timely filed, the Court will now consider if the plaintiffs' failure to pay their taxes constitutes a willful attempt to evade or defeat their tax liability. 11 U.S.C. § 523(a)(1)(C).

■ The United States has to prove by a preponderance of the evidence that the taxes are excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); Bankruptcy Rule 4005. In support of its position, the United States offered the case of *U.S. v. Haas*, 173 B.R. 756 (S.D.Ala.1993).[1]

In *Haas*, the IRS challenged the dischargeability of a Chapter 11 debtor's income tax obligations. The debtor acknowledged his duty to pay the taxes and had the financial resources to do so. However, the debtor chose not to pay the taxes and used his money for other purposes, i.e., to pay personal and business expenses. The bankruptcy court determined that the debtor's failure to pay the taxes did not qualify as an attempt to defeat or evade his obligation. The District Court reversed the lower court decision by finding that the debtor's acknowledgment of his duty to pay the taxes, his financial ability to pay said taxes, and failure to do so constituted a willful attempt to evade his tax obligation. The Court held that the taxes were nondischargeable.

In the present case, the evidence shows that for each of the taxable years in issue, the plaintiff, Dr. Halburg, made a profit from his dental practice. Dr. and Mrs. Halburg each testified that they knew they had a duty to pay the taxes, but instead of paying those taxes, they chose to purchase a new home for approximately $300,000.00 and approximately $5,800.00 worth of penny stock.

■ The plaintiffs argue, in the alternative, that they lacked the financial ability to pay the taxes even though the dental practice produced a profit each year. From 1981 to 1987 or 1988, the plaintiffs were in a Chapter 13 proceeding trying to satisfy prior unpaid tax obligations. The plaintiffs paid approximately $138,000.00 to the Chapter 13 trustee. According to the testimony of Mr. Halburg, the IRS received approximately $33,000.00 through the Chapter 13 plan. Because most of their income went to fund the Chapter 13 plan, they allege that they had nothing left to pay the IRS for the tax years in question. Not only did the plaintiffs not pay their taxes, they did not even file their returns.

The United States alleges that the plaintiffs had sufficient funds because they underreported their income. Mr. David W. Beard, an agent for the Internal Revenue Service (IRS) testified that he conducted a "deposit" analysis of the checking account used by Dr. Halburg in his business, i.e., his dental practice. His analysis is for the taxable years of 1983 through 1989. Mr. Beard stated that the results of his analysis show that monies deposited into the business account for the given taxable years were greater than the reported gross income from his dental practice. Mr. Beard then segregated the business expense checks from the personal checks. The number of personal checks that were written exceeded the reported net income. Mr. Beard concluded that the plaintiffs had under reported their income as follows (exhibit # 18):

| Year | Total Deposits | Rep. Gr. Rcpt[2] | Difference |
|------|------|------|------|
| 1983 | $129,091.08 | $115,408.80 | $13,682.28 |
| 1984 | $143,390.59 | $130,118.04 | $13,272.55 |
| 1985 | $141,901.97 | $129,154.87 | $12,154.87 |
| 1986 | $144,448.66 | $140,243.36 | $ 4,205.30 |
| 1987 | $177,747.78 | $164,206.10 | $13,541.68 |
| 1988 | $197,015.98 | $172,209.00 | $20,806.98 |
| 1989 | $196,150.37 | $176,209.00 | $19,941.37 |

---

1. The Court is aware that this case is presently on appeal to the Eleventh Circuit Court of Appeals, but finds its reasoning and conclusions of law to be logical.

2. Reported Gross Receipts

The plaintiffs attempted to explain that the additional income came from the social security check and other assets of Dr. Pearall, Mrs. Halburg's father. The evidence shows that the social security check was placed in another account in another bank by direct deposit.

The Court is of the opinion that the plaintiffs under reported their income by approximately $85,000.00 for the taxable years of 1983 through 1989. In addition to this unreported income, Mrs. Halburg testified that she received approximately $12,000.00 in rental income in 1987, which was not reported. She further stated that she inherited some real estate from her father and received approximately $9,300.00 when it was sold. She also received $5,000.00 from the sale of stock inherited from her father. She could not recall if these monies were reported on the tax returns. Mrs. Halburg concluded her testimony by stating that she also inherited a lot in Kissimee, Florida, which was not listed as an asset on the Chapter 7 bankruptcy petition.

Dr. Halburg testified that in 1987, he received rental income of $1,760.00 from Sam Darwin. This was not reported as income on the 1988 tax return. He also received $296.00 in interest that was not reported on this 1988 tax return.

The evidence shows that the plaintiffs under reported their income by at least $85,000.00 for the taxable years in question. They also had other sources of income that were not reported. If the IRS were to conduct an in depth investigation of the plaintiffs' other accounts, the Court is confident that other unreported income would be discovered.

 This Court agrees with the *Haas* court in that the United States does not have to prove that the plaintiffs committed a fraudulent act [3] in order to establish that an attempt to evade or defeat a tax obligation was committed. The plaintiffs knowingly failed to pay their taxes when they had the financial ability to do so. Instead, they chose to spend their money on a $300,000.00 house and to purchase penny stock.

 The Court is satisfied that the United States has proven by a preponderance of the evidence that the plaintiffs willfully attempted to evade or defeat their federal income tax obligations. The taxes owed by the plaintiffs for the taxable years of 1983, 1984, 1985, 1986, 1987 and 1988 are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(1)(C). The interest is not dischargeable but the penalties are. *In re Burns,* 887 F.2d 1541 (11th Cir.1989); 11 U.S.C. § 523(a)(7).

---

3. The plaintiffs actions of under reporting income and failure to list an asset on their bankruptcy petition would support a finding by this Court of implied fraud.