**Vernon L. CORREIA; Charlotte M. Correia, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 94–70022.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 1995 *.

Decided June 23, 1995.

Christopher L. Haberman, Bourdette & Parters, Visalia, CA, for petitioners-appellants.

Gary R. Allen, Gilbert S. Rothenberg, Andrea R. Tebbets, U.S. Dept. of Justice, Tax Div., Washington, DC, for respondent-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.

PER CURIAM:

Taxpayers Vernon L. Correia and Charlotte M. Correia timely appeal the Tax Court's dismissal of their petition for redetermination of deficiency. The Tax Court dismissed the petition for lack of jurisdiction. We review de novo, *Billingsley v. Commissioner*, 868 F.2d 1081, 1084 (9th Cir.1989), and affirm.

## I. BACKGROUND

The Commissioner of Internal Revenue issued a statutory notice of deficiency to Taxpayers on April 9, 1993. *See* 26 U.S.C. § 6211. Pursuant to 26 U.S.C. § 6213(a), Taxpayers had 90 days—until July 8, 1993—to file their petition for redetermination. On July 8 Taxpayers delivered their petition to Federal Express for delivery to the Tax Court. The petition was not delivered to the Tax Court until July 9. The Tax Court dismissed the petition as untimely.

## II. DISCUSSION

 The timely filing of a petition for redetermination is a jurisdictional requirement. *Shipley v. Commissioner*, 572 F.2d 212, 213 (9th Cir.1977). It is undisputed that Taxpayers' petition was not timely received by the Tax Court. However, Taxpayers contend that their otherwise untimely petition is saved by the timely-mailing-as-timely-filing provision of 26 U.S.C. § 7502. Under § 7502, for a document "delivered by United States mail . . ., the date of the United States postmark . . . shall be deemed to be the date of delivery." § 7502(a).

Section 7502 by its plain and unambiguous language applies to documents delivered by the United States Postal Service. It does not apply to documents delivered by private companies such as Federal Express. *Petrulis v. Commissioner*, 938 F.2d 78, 80 (7th Cir.1991); *Pugsley v. Commissioner*, 749 F.2d 691, 693 (11th Cir.1985); *see* Treas.Reg. § 301.7502–1(c). Nonetheless, Taxpayers contend that because § 7502 and its corresponding regulations reflect outdated notions of reliable delivery methods, we should "adopt a new rule" extending the scope of § 7502 to private delivery services. Although Taxpayers put forth what may be a legitimate policy rationale for extending the rule to private delivery services, it is for Congress, not the courts, to make such a change. *Petrulis*, 938 F.2d at 81.

Taxpayers also argue that the Tax Court violated their due process rights by sua sponte notifying the Commissioner of the late filing. Subject matter jurisdiction in the Tax Court cannot be conferred by the parties' consent or waiver. *Clapp v. Commissioner*, 875 F.2d 1396, 1398 (9th Cir.1989). The Tax Court properly examined its own jurisdiction. *See id.* at 1399 (jurisdiction of Tax Court reviewed in same manner as jurisdiction of Article III courts); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). Its conduct did not violate due process.

**AFFIRMED.**