UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 18, 2006[*]
Decided December 1, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No.  05-4571

| | |
|---|---|
| GEORGE KING, <br> *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| *v.* | No. 9307-02 |
| COMMISSIONER OF INTERNAL REVENUE, <br> *Respondent-Appellee*. | |

**O R D E R**

George King filed a petition challenging an Internal Revenue Service notice of income tax deficiency.  *See* 26 U.S.C. § 6213(a).  The Tax Court determined that the petition was untimely, and accordingly dismissed it for lack of jurisdiction. King appeals, *see* 26 U.S.C. § 7482, and we affirm.

On February 15, 2002, the I.R.S. mailed King a deficiency notice which triggered a 90-day period for King to file a petition in the Tax Court challenging the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

notice. *See* 26 U.S.C. § 6213(a). King mailed a petition—the precise date of the mailing, as we will see, is in dispute—which arrived at the Tax Court on May 28, 2002. The Tax Court proceeded to resolve the case on the merits, and determined that King owed taxes for the years 1987, 1988, 1989, and 1990. King moved to vacate the decision, contending that the Tax Court had ignored some of his filings. In the course of reviewing his motion, the Tax Court determined for the first time that King's petition was filed outside the 90-day jurisdictional period because the envelope containing the petition bore a United States Postal Service ("U.S.P.S.") postmark indicating that it was mailed on May 18, 2002—two days after the filing deadline. The Tax Court noted that although the envelope also bore a postmark from a private meter bearing King's filing deadline of May 16, 2002, this postmark was not controlling. According to I.R.S. regulations, where a petition bears both private and U.S.P.S. postmarks, the U.S.P.S. postmark trumps the private meter postmark. *See* 26 C.F.R. § 301.7502-1(c)(1)(iii)(B)(3); *Petrulis v. Comm'r*, 938 F.2d 78, 80-81 (7th Cir. 1991). The Tax Court therefore dismissed the petition for lack of jurisdiction.

King argues that we must reverse the Tax Court's decision because it was too late in the proceedings for the Tax Court to find it had no jurisdiction. But it is never too late for the Tax Court to review its jurisdiction over a case; in fact, the Tax Court is under a continuing obligation to do so. *See Correia v. Comm'r*, 58 F.3d 468, 469 (9th Cir. 1995); *Treaty Pines Inv. P'ship v. Comm'r*, 967 F.2d 206, 210 (5th Cir. 1992); *Raymond v. Comm'r*, 119 T.C. 191, 193 (2002).

King also urges that the decision be reversed because the Tax Court clearly erred in finding that the U.S.P.S. postmark legibly bears the date May 18, 2002. *See JPMorgan Chase & Co. v. Comm'r*, 458 F.3d 564, 569 (7th Cir. 2006) (stating that this court reviews Tax Court's factual determinations and applications of law to facts for clear error). But clear error exists only where this court, after reviewing the evidence, is "left with the definite and firm conviction that a mistake has been committed." *Id.*; *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). After carefully reviewing both the original envelope in which King mailed his petition and the magnified copy of the envelope that the Tax Court appended to its decision, we cannot conclude that the Tax Court clearly erred in determining that the U.S.P.S. postmark bears the date May 18, 2002. Although the postmark is faint and partially obscured, the "May 18" imprint is readable. Reasonable minds might disagree over the interpretation of the imprint, but such a disagreement is insufficient to amount to clear error. *See In re: KMart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004), *cert. denied*, 543 U.S. 1056 (2005). Even were the postmark illegible, King would have the burden of proving that the postmark was made on May 16th, *see* 26 C.F.R. § 301.7502-1(c)(1)(iii)(A), and he has not done so.

King also argues that the Tax Court denied him due process by not considering all of his arguments during the proceedings.  But because the Tax Court lacked jurisdiction to consider King's case, we do not reach his due process argument.

AFFIRMED.