IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1427-11






EX PARTE MARIO AMARO CASTILLO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


DENTON COUNTY





 Cochran, J., delivered the opinion of the Court in which Keller, P.J., and
Meyers, Price, Womack, Keasler, and Hervey, JJ., joined. Alcala, J., filed a
dissenting opinion in which Johnson, J., joined.


O P I N I O N 



 Appellant filed his notice of appeal one day late. His notice of appeal and motion for
extension of time were picked up by Federal Express after business hours on the last day of
filing and delivered to the trial court the next day. The court of appeals dismissed his appeal
for lack of jurisdiction. (1) Appellant argues that the "timely mailed, timely filed" mailbox rule
of Texas Rule of Appellate Procedure (TRAP) 9.2(b), which explicitly requires timely
mailing via the United States Postal Service, is antiquated and should be read to include
private couriers, such as Federal Express. (2) We conclude that the plain, unambiguous
language of the rule requires timely mailing with the U.S. Postal Service, not a private
courier. Until and unless the Supreme Court of Texas and this Court change the language
of Rule 9.2(b), the "timely mailed, timely filed" mailbox rule applies only to documents
delivered to the U.S. Postal Service.

I.


 Appellant pled nolo contendere to the misdemeanor offense of assault-family
violence in 2006. He successfully completed his sentence of twenty months of community
supervision in 2008. Three years later, appellant filed an 11.072 (3) application for a writ of
habeas corpus in the county court. He alleged that his original plea was involuntary based
on ineffective assistance of counsel because he was not properly admonished of the
deportation consequences of that plea. The trial judge denied relief on March 30, 2011.

 Appellant's notice of appeal was due on April 29, 2011. But that due date could be
extended for an additional fifteen days (4)-until May 16th-by filing a request for an extension
of time under TRAP 26.3. Appellant filed both a notice of appeal and a motion for extension
of time on May 17, 2011. The court of appeals referred to TRAP 9.2(b)(1)(A) which states
that a document received within ten days after the filing deadline is considered timely if it
was sent to the proper clerk via the United States Postal Service. (5) Appellant did not use the
U.S. Postal Service. Instead, he "provided internet print-outs indicating that the notice of
appeal was picked up for delivery by Federal Express at 6:49 p.m. on May 16, 2011, and
delivered to the trial court clerk on May 17, 2011." (6) The court of appeals therefore dismissed
the appeal because appellant's notice was untimely by one day. (7)

 Appellant petitioned this Court for discretionary review, claiming that the court of
appeals's holding exalts form over substance by dismissing his appeal "based on a technical
non-compliance with the rules of procedure[.]" (8)

II.


 Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing
an appeal. (9) If a notice of appeal is not timely filed, the court of appeals has no option but to
dismiss the appeal for lack of jurisdiction. (10) Normally, a notice of appeal is "filed" when
it is physically delivered to, and received by, the clerk of the trial court. (11) Thus, a notice of
appeal may be timely delivered to the clerk by any means: personal delivery, private courier,
U.S. mail, or, as permitted or required by local rules, by electronic means, such as fax or e-mail. (12) 

 A long-standing exception to this "physical delivery" filing requirement was the
common-law mailbox rule. As the United States Supreme Court stated in 1884, 

 The rule is well settled that if a letter properly directed is proved to have been
either put into the post-office or delivered to the postman, it is presumed, from
the known course of business in the post-office department, that it reached its
destination at the regular time, and was received by the person to whom it was
addressed. (13)

 The rationale for the "timely mailed, timely filed" mailbox rule is two-fold. First,
many citizens who must file a document with a governmental entity live too far away to
personally deliver that document to the entity; they should not be penalized by being required
to send their documents earlier than those citizens who happen to live in close proximity to
that entity. Second, the law assumes that governmental entities, such as the United States
Postal Service, perform their jobs diligently, if not always in a timely manner. (14)

 In 1954, Congress codified a version of the common law "timely mailed, timely filed"
mailbox rule for documents filed with the Internal Revenue Service. "The codified rule was
designed to alleviate taxpayer hardship resulting from the vagaries of the I.R.S. and the postal
system[.]" (15) Under that statutory mailbox rule, a document that must be filed on a certain date
is considered to be timely filed if it is postmarked on that date and timely deposited in the
United States mail system on that date. (16) The plain, unambiguous language of that statute
has been strictly construed to cover only those documents that have been delivered to and
postmarked by the United States Postal Service, so delivery by private couriers, such as
FedEx and UPS, is not covered by the mailbox rule. (17) 

 Texas has long followed that same mailbox rule in its Rules of Civil Procedure and
Rules of Appellate Procedure. Rule 5 of the Texas Rules of Civil Procedure is titled
"Enlargement of Time." It was amended, effective March 1, 1950, to codify the "timely
mailed, timely filed" mailbox rule. (18) Rule 5 continues to provide an exception to the rule that
documents are filed upon physical delivery. It currently reads:

 If any document is sent to the proper clerk by first-class United States mail in
an envelope or wrapper properly addressed and stamped and is deposited in the
mail on or before the last day for filing same, the same, if received by the clerk
not more than ten days tardily, shall be filed by the clerk and be deemed filed
in time. A legible postmark affixed by the United States Postal Service shall
be prima facie evidence of the date of mailing. (19)


The mailbox rule in Civil Rule 5, like the federal statute, applies only to documents that are
deposited with the U.S. Postal Service, not to documents delivered by a private courier. (20)

 That same "timely mailed, timely filed" mailbox rule is in the Texas Rules of
Appellate Procedure. Rule 9.2(b)-applicable to both civil and criminal cases-reads,

(b) Filing by Mail.
 (1) Timely Filing. A document received within ten days after the filing deadline
is considered timely filed if: 
(A) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; 

 (B) it was placed in an envelope or wrapper properly addressed and
stamped; and 

 (C) it was deposited in the mail on or before the last day for filing. 

 (2) Proof of Mailing. Though it may consider other proof, the appellate court will
accept the following as conclusive proof of the date of mailing: 

 (A) a legible postmark affixed by the United States Postal Service; 

 (B) a receipt for registered or certified mail if the receipt is endorsed by the
United States Postal Service; or 

 (C) a certificate of mailing by the United States Postal Service. (21) 


 The plain, unambiguous language of this rule speaks to the timely mailing of a
document via the "United States Postal Service." It does not permit any other type of 
delivery or private courier system. 

III.


 In this case, appellant did not timely deliver his notice of appeal to the clerk of the
trial court. It was due on April 29, 2011. However, Rule 26.3 provides a measure of relief
for the inadvertent slowpoke. (22) It permits an extension of time after the deadline to file
notice of appeal, if, within fifteen days after the deadline, the party files (a) the notice of
appeal in the trial court; and (b) a motion for extension of time under Rule 10.5(b)(2) in the
court of appeals. Appellant did not comply with Rule 26.3 either; he did not physically
deliver the notice of appeal within that fifteen-day grace period to the trial court by any
appropriate means-personal delivery, private courier, U.S. mail, fax or e-mail. And he did
not comply with the "timely mailed, timely filed" mailbox-rule exception to the physical-delivery rule by delivering his notice of appeal to the United States Postal Service within that
fifteen-day extension period. He waited until 6:49 p.m.-after the close of business hours at
the courthouse-to have Federal Express pick up his documents and deliver them to the trial
court clerk the next day. That next day was the sixteenth day after the notice of appeal (and
the motion for an extension) was due. This was just one day late, but one day is enough to
deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas
Rules of Appellate Procedure. (23)

 Appellant argues that he "took all steps necessary in order to perfect a late filing of
his Notice of Appeal except the requirement of Tex. R. App. Proc. 9.2(b)(1) to send by
United States Postal Service." But that requirement is not optional. Like the federal
taxpayers in Petrulis and Pugsley, appellant argues that the mailbox rule should not be
confined to U.S. Postal Service mailboxes, but should include any private courier or delivery
system that delivers the documents within ten days. (24) Appellant argues that a mailbox rule
that applies only to documents deposited in the U.S. mail is "archaic and to hold otherwise
[would] frustrate the purpose clearly embodied in the rule." But, as noted above, the "timely
mailed, timely filed" mailbox rule provides a very specific means by which those who cannot
timely deliver documents to a given government entity-such as courts or the Internal
Revenue Service-in person may timely deliver them to another governmental entity (the
United States Postal Service for most litigants or the prison system mailroom for pro se
prisoners). If filings are timely delivered to that mailbox or mailroom, the filing citizen bears
no blame for delays in the U.S. mail system so long as the document arrives within ten days
of the filing date.

 As times change, the rules governing acceptable delivery systems may change as well.
Our appellate rules already provide for the delivery of documents by electronic means;
perhaps they will be amended to provide for a "timely picked-up, timely filed" rule for
private couriers. (25) But courts must apply the rules that exist today. Those rules contain a
"timely mailed, timely filed" mailbox rule that applies only to documents deposited with the
United States Postal Service. Appellant did not comply with the plain, unambiguous rule,
and so he did not invoke the jurisdiction of the appellate court.

 We affirm the judgment of the court of appeals.

Delivered: June 20, 2012

Publish
1. Ex parte Castillo, No. 02-11-00172-CR, 2011 WL 2436771, *1 (Tex. App.-Fort Worth
June 16, 2011) (not designated for publication).
2. Appellant's ground for review states, "The court of appeals decision incorrectly
dismissed petitioner's appeal for want of jurisdiction."
3. Tex. Code Crim. Proc. art. 11.072.
4. The fifteenth day after April 29th was May 14th, but because that day was a Saturday,
the deadline was extended another two days to Monday, May 16th. See Tex. R. App. P. 4.2(a).
5. Ex parte Castillo, 2011 WL 2436771, at *1.
6. Id.
7. Id.
8. Appellant's Brief at 3.
9. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal
is necessary to invoke a court of appeals' jurisdiction.").
10. Id. at 523 ("When a notice of appeal, but no motion for extension of time, is filed
within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported
appeal in any manner other than by dismissing it for lack of jurisdiction."); see also Slaton v.
State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (affirming continuing validity of Olivo rule
under revised TRAPs).
11. Tex. R. App. P. 25.2(b) ("In a criminal case, appeal is perfected by timely filing a
sufficient notice of appeal."); 25.2(c)(1) ("Notice must be given in writing and filed with the trial
court clerk."); 9.2(a)(1) ("A document is filed in an appellate court by delivering it to. . . the clerk
of the court in which the document is to be filed[.]"). Under Rule 25.2(c)(1), the notice of appeal
is filed if it is timely received by the court of appeals, because the clerk of that court will
"immediately record on the notice the date that it was received and send the notice to the trial
court clerk." See Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993) ("In a long line of cases,
this court has held that a document is 'filed' when it is tendered to the clerk, or otherwise put
under the custody or control of the clerk.").
12. See Tex. R. App. P. 9.2(c) ("Documents may be permitted or required to be filed,
signed, or verified by electronic means by order of the Supreme Court or the Court of Criminal
Appeals, or by local rule of a court of appeals. A technical failure that precludes a party's
compliance with electronic-filing procedures cannot be a basis for disposing of any case.").
13. Rosenthal v. Walker, 111 U.S. 185, 193 (1884). The Supreme Court quoted an earlier
case explaining that "the presumption so arising is not a conclusive presumption of law, but a mere
inference of fact, founded on the probability that the officers of the government
will do their duty and the usual course of business; and, when it is opposed by
evidence that the letters never were received, must be weighed with all the other
circumstances of the case, by the jury in determining the question whether the
letters were actually received or not."

Id. at 193-94.
14. See note 15 infra. These same two rationales also supports the "prisoner mailbox" rule,
which deems the pleadings of a pro se inmate filed at the time they are delivered to prison
authorities for forwarding to the court clerk. Campbell v. State, 320 S.W.3d 338, 344 (Tex.
Crim. App. 2010); see also Houston v. Lack, 487 U.S. 266, 271, 275 (1988) ("Unlike other
litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is
stamped 'filed' or to establish the date on which the court received the notice. . . . The pro se
prisoner does not anonymously drop his notice of appeal in a public mailbox-he hands it over to
prison authorities who have well-developed procedures for recording the date and time at which
they receive papers for mailing"). 
15. Kimberly C. Metzger, Interpretation of the Section 7502 Timely-Mailing, Timely-Filing
Requirements: Carroll v. Commissioner and the Liberal/Conservative Interpretation Dilemma,
28 U. Tol. L. Rev. 767, 768 (1997). The rationale for that codification is that

 [i]n filing a tax return by mail, two bureaucracies come into play, the IRS and the
Postal Service. Each is geared to handle high volumes of work, and each
functions correctly most of the time. Nevertheless, all bureaucracies can
mishandle individual items, and the IRS and the Postal Service are no exceptions.
The Postal Service has been known to apply illegible postmarks or no postmark at
all and has detained mail addressed to the IRS. For its part, the IRS has lost,
mishandled, and, in some cases, actually destroyed tax returns.

Kenneth H. Ryesky, Mailing is Filing Only if Proof of Mailing is Incontrovertible, 54 Tax'n for
Acct. 153, 154 (1995); see also Drake v. Commissioner, 554 F.2d 736, 738 (5th Cir. 1977)
("Prior to enactment of the 1954 [I.R.S.] Code, there was no similar provision with regard to
timely mailing equaling timely filing. Timely filing depended upon the time of delivery of a
petition to the tax court in Washington, D.C. and varied with the geographical area of mailing
and the vicissitudes of the mails."); Sylvan v. Commissioner, 65 T.C. 548, 551 (1975) ("Prior to
the enactment of section 7502, timely filing depended on the vicissitudes of the mail, with the
time of delivery varying as to the geographical area of mailing, the seasonal demands imposed on
the post office, and the postal performance in the individual case presented. In order to alleviate
hardships resulting from delays in particular cases, a presumption of timely delivery was often
employed. . . . Congress enacted section 7502 to eliminate the inequities resulting from variations
in postal performance when a document is timely mailed.").
16. 26 U.S.C. § 7502(a)-(b).
17. See Petrulis v. Commissioner, 938 F.2d 78, 80-81 (7th Cir. 1991); Pugsley v.
Commissioner, 749 F.2d 691, 693 (11th Cir. 1985); Correia v. Commissioner, 58 F.3d 468, 469
(9th Cir. 1995).
18. Tex. R. Civ. P. 5. The 1950 amendment read:

 Provided, however, if a motion for new trial, motion for rehearing, any matter
relating to taking an appeal or writ of error from the trial court to any higher court,
or application for writ of error is sent to the proper clerk by first-class United
States mail in an envelope or wrapper properly addressed and stamped and is
deposited in the mail one day or more before the last day for filing same, and the
envelop or wrapper containing same bears a postmark showing such deposit, the
same, if received by the clerk not more than ten days tardily shall be filed by the
clerk and be deemed filed in time.

See Phillips v. Reese, 256 S.W.2d 162, 164-66 (Tex. Civ. App.-El Paso 1952, writ ref'd n.r.e.)
(discussing the 1950 amendment to Rule 5 and holding that appellate court had obtained
jurisdiction over appeal when record and motion for extension were filed on the day before the
amendment took effect, which was also the day before the motion for extension was due).
19. Tex. R. Civ. P. 5. Rule 21a, dealing with methods of service, also incorporates the
mailbox rule for timely delivery of pleadings, and papers in civil lawsuits ("Service by mail shall
be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a
post office or official depository under the care and custody of the United States Postal
Service."). 
20. Carpenter v. Town and Country Bank, 806 S.W.2d 959, 960 (Tex. App.-Eastland
1991, writ denied) (appellate court lacked jurisdiction to consider appeal when appellant sent its
motion for new trial "by UPS, a private courier, and not by the United States mail. Therefore, the
time for filing cannot be enlarged, and the motion was not timely filed."); see also Texas
Workers' Comp. Comm'n v. Hartford Accident & Indem. Co., 952 S.W.2d 949, 952-53 (Tex.
App.-Corpus Christi 1997, writ denied).
21. Tex. R. App. P. 9.2(b)
22. A party must state "the facts relied on to reasonably explain the need for an extension." 
TRAP 10.5(b)(1). The term "reasonably explain" means a "plausible statement of circumstances
indicating that the failure to file within the appropriate deadline was not deliberate or intentional,
but was the result of inadvertence, mistake, or mischance." Garcia v. Kastner Farms, Inc., 774
S.W.2d 668, 670 (Tex. 1989); Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977). 
Negligent forgetfulness may suffice; an intentional decision to delay will not. See Rodman v.
State, 47 S.W.3d 545, 548 (Tex. App.- Amarillo 2000, no pet.) ("The facts relied upon by
appellant to justify the delayed filing of his notice of appeal demonstrate that appellant intended
not to file a notice of appeal until it was filed"; when appellant deliberately failed to file a notice
of appeal within the normal time limits, but later changed his mind, he did not "'reasonably
explain the need for an extension' within the meaning of TRAP 10.5(b)(1)(C) so that we may
grant the motion for extension pursuant to TRAP 26.3.").

 In this case, the court of appeals also noted that appellant not only filed an untimely
notice of appeal, but that his motion for an extension of time did not offer "a reasonable
explanation for his need to extend the time to file the notice of appeal." Castillo, 2011 WL
2436771, at *1 n.3.
23. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam) ("If an
appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits
of the appeal."); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice
of appeal is necessary to invoke a court of appeals' jurisdiction.").
24. See Petrulis, 938 F.2d at 81 (rejecting taxpayers' complaint that "mailbox rule" is "bad
law" given the "acceptable alternatives to the U.S. Postal Service available today"; noting that
only "Congress can rewrite the law to include documents delivered by private carrier services"); 
Pugsley, 749 F.2d at 693 ("It is apparent from the numerous references to 'United States mail' in
the statutes and regulations that section 7502 is intended to apply only to mail delivered by the
United States Postal Service and not also to items delivered by a private delivery system.").
25. Perhaps Congress has declined to change the "timely mailed, timely filed" United
States Postal Service mailbox rule for the Internal Revenue Service to one including private
courier or delivery systems because there are thousands of such services scattered across the
nation, ranging from giants like Federal Express and UPS to the little "Joe's Delivery Service" in
Santa Fe Springs. Who would decide which private delivery systems are sufficiently reliable and
traceable to come under a proposed "timely picked-up, timely filed" rule? With the advent of
electronic filing, this issue may be moot.