**William D. HERZOG, Carole S. Herzog, Petitioners–Appellants**

v.

**COMMISSIONER OF IRS, Respondent–Appellee.**

No. 15–12070
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 26, 2016.

Paul W. Jones, Stoel Rives, LLP, Salt Lake City, UT, for Petitioner–Appellants.

Janet Arlene Bradley, U.S. Department of Justice, Washington, DC, Lynn M. Barrett, Gary A. Begun, Chief Counsel–IRS, Gary A. Begun, for Respondent–Appellee.

Before WILLIAM PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

William and Carole Herzog ("Petitioners") appeal the United States Tax Court's dismissal of their petition for redetermination of income tax deficiencies for the 2010, 2011, and 2012 tax years. The Tax Court concluded it lacked jurisdiction over the petition because the petition had been untimely filed. No reversible error has been shown; we affirm.*

---

* We review *de novo* the Tax Court's legal conclusions, including whether it has subject matter jurisdiction, and review for clear error the Tax Court's factual findings. *See Campbell v. Comm'r of IR,* 658 F.3d 1255, 1258 (11th Cir.2011).

The facts of this case are not in dispute. On 15 January 2014, the Commissioner of Internal Revenue sent to Petitioners by certified mail a valid notice of income tax deficiency. The notice said expressly that the last day to challenge the deficiency determination was 15 April 2014. On 14 April 2014, Petitioners' representative mailed the petition to the Tax Court via FedEx Express Saver. The petition was received and filed by the Tax Court on 16 April 2014.

A taxpayer seeking to challenge a deficiency determination must file with the Tax Court a petition for redetermination "[w]ithin 90 days . . . after the notice of deficiency . . . is mailed." 26 U.S.C. § 6213(a), (c). "[T]imely filing of such a petition is a jurisdictional prerequisite for a suit in the tax court." *Pugsley v. Comm'r,* 749 F.2d 691, 692 (11th Cir.1985).

■ We agree with the Tax Court's determination that the 90–day limitations period began to run on 16 January: the day after the notice of deficiency was mailed to Petitioners. In computing times established by the tax code, "the day of the act, event or default from which a period of time begins to run shall not be included, and . . . the last day of the period so computed shall be included." Tax Ct. R. 25(a). Here, the "act" or "event" from which the limitations period began to run was the date the deficiency notice was mailed (15 January). *See* 26 U.S.C. § 6213(a). Thus, under the plain language of Rule 25(a), the 90–day limitation period in Petitioner's case began to run on 16 January and ended on 15 April. *See, e.g., Sarkissian v. Comm'r,* T.C.M. 2012–278, *3–4 (2012) (where notice of deficiency was mailed on 29 July 2011, the "90th and last day" to file a petition—counting the first day as 30 July—was 27 October 2011); *Appiah v. Comm'r,* T.C.M. 1996–170, *8 (1996) (in computing the limitations period under section 6213(a) and Rule 25(a), "it is

accurate to count as the first day, the day after the notice of deficiency is mailed."). This interpretation is further supported by Rule 25(a)'s provision that "[i]f service is made by mail, then a period of time computed with respect to the service shall begin on the day after the date of the mailing." *See* Tax Ct. R. 25(a).

■ Petitioners next contend that their petition—even if received by the Tax Court after the expiration of the 90–day period—should be deemed timely filed pursuant to 26 U.S.C. § 7502. "Under [section 7502], if a taxpayer sends his petition for delivery to the Court 'by United States mail' within the prescribed period for filing the petition and the Court receives the petition after the period has ended, the date of the USPS postmark on the envelope containing the petition will be considered the date of delivery." *Eichelburg v. Comm'r,* T.C.M. 2013–269, *5–6 (2013). This "timely-mailed, timely-filed" rule has also been extended to certain "private delivery services" "if such service is designated by the Secretary for purposes of [section 7502]." *See* 26 U.S.C. § 7502(f) (emphasis added).

Petitioners acknowledge that FedEx Express Saver has not been designated by the Secretary for purposes of section 7502. *Cf.* Notice 2004–83, 2004–2 C.B. 1030 (listing the private delivery services designated by the Secretary at all times pertinent to this appeal). Petitioners argue, however, that the "timely-mailed, timely-filed" rule should apply here because FedEx Express Saver—although not designated formally by the Secretary—satisfies several of the criteria required of designated private delivery services.

Petitioner's argument is foreclosed both by the plain statutory language and by pertinent case law. *See, e.g.,* 26 U.S.C. § 7502(f) (defining "designated delivery service" as "any delivery service provided by a trade or business if such service is

designated by the Secretary for purposes of this section." (emphasis added)); *Eichelburg*, T.C.M. 2013–269, at *7 (concluding expressly that "FedEx Express Saver is not a 'designated private delivery service' within the meaning of section 7502(f)" because it is not listed among the designated private delivery services identified in Notice 2004–83); *Scaggs v. Comm'r*, T.C.M. 2012–258, *5 (2012) (same).

Petitioners also argue that the "timely-mailed, timely-filed" rule should apply because Petitioners' representative relied reasonably on representations of a Federal Express employee that the petition would be delivered to the Tax Court by "the next day." This argument is without merit. The Tax Court "may not rely on general equitable principles to expand the statutorily prescribed time for filing a petition" and may apply the "timely-mailed, timely-filed" rule "only if a private delivery service has been 'designated by the Secretary.'" *Eichelburg*, T.C.M. 2013–269, at *8.

AFFIRMED.