NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO A. FRAUSTO, INC.; MARCO A. FRAUSTO, | No. 16-72638 |
| Petitioners-Appellants, | Tax Ct. No. 13533-15 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Marco A. Frausto, Inc. and Marco A. Frausto and appeal pro se from the Tax

Court's order dismissing for lack of jurisdiction their petition challenging the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellants' request for oral argument, set forth in their reply brief, is denied.

Commissioner of Internal Revenue's notices of deficiency for tax years 2008 through 2011. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo. *Correia v. Comm'r*, 58 F.3d 468, 469 (9th Cir. 1995). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

We dismiss this appeal as to Marco A. Frausto, Inc. because it is a corporation that must appear in court through an attorney. *See Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney does not have authority to appear as an attorney for others).

Dismissal of Frausto's petition was proper because Frausto did not set forth a clear and concise assignment of error, or any facts demonstrating error, in the Commissioner's determinations of his individual tax liabilities. *See* T.C. R. 34(b)(4) (A petition must contain "[c]lear and concise assignments of each and every error . . . committed by the Commissioner in the determination of the deficiency . . . [and] . . . [a]ny issue not raised in the assignments of error shall be deemed to be conceded."); *Grimes v. Comm'r*, 806 F.2d 1451, 1453-54 (9th Cir. 1986) (setting forth standing of review and affirming dismissal where a petitioner failed to present "any justiciable error in his petition for redetermination").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellants' motion for leave to correct an error by the Tax Court (Docket Entry No. 21) is denied.

**AFFIRMED.**