T.C. Memo. 2014-129

UNITED STATES TAX COURT

BARBARA A. KUPERSMIT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10169-13.                          Filed June 26, 2014.

Barbara A. Kupersmit, pro se.

Daniel C. Munce and Jason M. Kuratnick, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  Respondent determined a deficiency of $12,300 in
petitioner's income tax for tax year 2010 and additions to tax under sections
6651(a)(1) and (2) and 6654(a) of $1,643, $730, and $145, respectively.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
                                                              (continued...)

**[*2]** Respondent mailed a notice of deficiency to petitioner, and she timely filed a petition in this Court. The issues for decision are: (1) whether certain payments from years before 2010 reduce or eliminate petitioner's income tax liability for tax year 2010, and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and/or 6654(a).

## FINDINGS OF FACT

The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner was married and resided in Yardley, Pennsylvania, at the time she filed her petition.

Petitioner's Income for 2010, Substitute for Return, and Notice of Deficiency

During 2010, the tax year at issue, petitioner received taxable income from several different sources. She received Social Security benefits totaling $22,722, $19,314 of which was taxable, from the Social Security Administration.[2] She also received a gross pension distribution of $44,232, $43,859 of which was a taxable pension distribution, from the State of New Jersey, Division of Pension and Benefits; $2,883 of income tax was withheld on the distribution. From Prudential

---

[1](...continued)
Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]All monetary amounts are rounded to the nearest dollar.

[*3] Insurance Co. of America, she received a gross distribution of $10,566, the entire amount of which was taxable; $2,113 of income tax was withheld on the distribution. In addition, she received taxable interest of $18 from TD Bank and $52 from Sovereign Bank. At trial petitioner agreed with the underlying deficiency.

Petitioner did not file a timely Form 1040A, U.S. Individual Income Tax Return, for tax year 2010, and she did not make any estimated tax payments or other payments of tax for tax year 2010, apart from $4,996 paid through withholding. Consequently, respondent prepared a substitute for return (SFR) on December 10, 2012, which included the items of income described above. The SFR computed petitioner's income tax liability as $12,300 as well as additions to tax of $1,643 for failure to timely file a return under section 6651(a)(1), $730 for failure to timely pay tax shown on a return under section 6651(a)(2), and $145 for failure to pay estimated tax under section 6654(a). On February 11, 2013, respondent issued petitioner a statutory notice of deficiency for tax year 2010.

On December 10, 2013, petitioner submitted to respondent's counsel upon his request a Form 1040A for tax year 2010 listing her filing status as married filing separately. Petitioner claimed that she submitted the return under duress from the Internal Revenue Service (IRS), and, according to respondent's counsel,

**[\*4]** the IRS refused to accept it as her return for tax year 2010. The tax return petitioner submitted on December 10, 2013, was not introduced into evidence and was excluded from the stipulation of facts and the final exhibits.

Payments and Refunds Relating to Tax Years Before 2010

On several occasions during 2008 and 2009 petitioner and her spouse submitted checks to the IRS for estimated tax payments: (1) a check for $500 on January 6, 2008, with a notation of "First Qtr--'09"; (2) a check for $10,000 on July 1, 2008, with a notation of "Estimated--2008"; (3) a check for $500 on April 13, 2009, with a notation of "Estimated"; and (4) a check for $500 on June 10, 2009, with a notation of "Estimated Tax". Petitioner's account transcript for tax year 2007 shows that she had credits of $3,000 from 2007. In addition, the IRS issued a refund check for $3,326 to petitioner and her spouse in 2008 and another refund check for $3,230 in 2010. Petitioner and her spouse did not cash either of the two refund checks. Petitioner did not file a timely Form 1040A for either 2008 or 2009.[3]

Petitioner makes two arguments with respect to the 2008 and 2009 payments and the uncashed refund checks. First, petitioner argues that these

---

[3]Petitioner filed a late return for tax year 2009 on March 8, 2013. Petitioner's tax return for 2009 has not been introduced into evidence.

[*5] amounts are overpayments.  Second, petitioner argues that since these amounts are overpayments, they should reduce or eliminate her tax liability for tax year 2010.[4]

OPINION

I.     Burden of Proof

Ordinarily, the Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner argues that the burden of proof in this case should be shifted to respondent, citing Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1990-68.  Petitioner's reliance on Portillo is misplaced.  It is a well-established principle that the burden shifts to the Commissioner when a taxpayer proves that the assessment is arbitrary, excessive, or without foundation.  See, e.g., Berkery v. Commissioner, 91 T.C. 179, 186 (1988) ("When * * * respondent's

---

[4]Petitioner makes certain arguments relating to her tax liabilities arising from tax years before 2010 and tax liens imposed against her house as a consequence of those liabilities.  The Court is a court of limited jurisdiction, and in the instant case we have jurisdiction only over tax year 2010.  See, e.g., Naftel v. Commissioner, 85 T.C. 527, 533 (1985) ("[J]urisdiction extends to the entire subject matter of the correct tax for the taxable year.").  Because these events are unrelated to petitioner's tax year 2010, we do not have jurisdiction to decide these arguments.  Accordingly, we will not discuss these arguments in this opinion.

**[\*6]** determinations are shown to be arbitrary and excessive * * * the burden of going forward with evidence shifts to respondent."), aff'd without published opinion, 872 F.2d 411 (3d Cir. 1989). The holding of Portillo confirmed the principle that the Commissioner is ordinarily entitled to the presumption of correctness, but this presumption does not apply when the Commissioner's assessment is based on a naked assertion that a taxpayer received unreported income "'without any foundation whatsoever.'" Portillo v. Commissioner, 932 F.2d at 1133 (quoting United States v. Janis, 428 U.S. 433, 442 (1976)).

Petitioner stipulated that she received taxable income in 2010 in the amount that respondent determined in the notice of deficiency. Accordingly, we hold that petitioner has not shown that respondent's determination of her tax liability was arbitrary, excessive, or without foundation. The burden of proof therefore remains with petitioner.

II.    Tax Owing

This action was commenced in response to a notice of deficiency with respect to petitioner's 2010 Federal income tax liability. The Tax Court is a court of limited jurisdiction in that it possesses only adjudicatory powers that Congress has conferred upon it. Hillenbrand v. Commissioner, T.C. Memo. 2002-303, 84 T.C.M. (CCH) 643 (2002); see also Petrulis v. Commissioner, 938 F.2d 78 (7th

**[*7]** Cir. 1991); <u>Naftel v. Commissioner</u>, 85 T.C. 527 (1985). Section 6214(a) authorizes the Tax Court to redetermine deficiencies, as defined by section 6211(a). <u>Hillenbrand v. Commissioner</u>, 84 T.C.M. (CCH) at 645; <u>see also</u> <u>Bocock v. Commissioner</u>, 127 T.C. 178, 181 (2006). Section 6512(b) gives the Tax Court jurisdiction to determine an overpayment in certain circumstances. Moreover, the Tax Court has jurisdiction only for taxable years properly before it. Sec. 6214(b); <u>see also</u> <u>Hill v. Commissioner</u>, 95 T.C. 437 (1990).

Petitioner asks that we consider the payments made in 2008 and 2009 and the uncashed refund checks as prior-year overpayments that should be applied for 2010. After such application, petitioner argues, she would not owe tax for tax year 2010. We assume that petitioner's argument is that, in essence, these payments should be credited to reduce or eliminate the tax owing for 2010.[5] Respondent argues that the payments petitioner and her spouse made for years other than 2010 have no bearing on the deficiency determination for tax year 2010. Respondent further argues that the existence or amount of the overpayment of tax for 2008 cannot be ascertained because petitioner's tax liability for tax year 2008 has not

---

[5]Petitioner does not argue that the remittances in 2008 and 2009 were deposits rather than payments. Therefore, we do not consider whether petitioner may use those amounts as payment of her 2010 deficiency.

**[*8]** yet been determined and, in any case, is irrelevant in determining the deficiency for 2010. We agree with respondent.

Respondent has not determined a deficiency with respect to any year other than 2010. Generally, we may not decide whether an overpayment is present for any other year. See secs. 6214(b), 6512(b)(1). As 2010 is the only year before the Court, we lack jurisdiction to determine whether petitioner overpaid her taxes for any prior year, and we also lack jurisdiction to apply any such overpayment against her 2010 deficiency. See, e.g., Patronik-Holder v. Commissioner, 100 T.C. 374 (1993); Solberg v. Commissioner, T.C. Memo. 2011-221; Porter v. Commissioner, T.C. Memo. 2010-154; Stewart v. Commissioner, T.C. Memo. 1998-319. Furthermore, even if the 2008 and 2009 payments and uncashed refund checks were overpayments of tax due, respondent has no obligation to apply payments from prior years for tax year 2010. See, e.g., Weber v. Commissioner, 138 T.C. 348 (2012).

We lack jurisdiction to determine that the payments petitioner made in 2008 and 2009 and the uncashed refund checks were overpayments and therefore do not apply any such amounts against petitioner's deficiency in tax for tax year 2010.

**[\*9] III.    Additions to Tax**

  A.    Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) provides for the imposition of an addition to tax for failure to file a timely return. Respondent introduced records showing that petitioner's 2010 return was not filed timely, thereby satisfying his burden of production under section 7491(c). If the taxpayer establishes that the failure to file is due to reasonable cause and not due to willful neglect, he or she may be relieved from the addition to tax under section 6651(a)(1). Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); Adler v. Commissioner, T.C. Memo. 2010-47, aff'd, 443 Fed. Appx. 736 (3d Cir. 2011). Petitioner bears the burden of proving that the failure to file was due to reasonable cause. See Boyle, 469 U.S. at 245; Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Reasonable cause exists if the taxpayer makes a satisfactory showing that she exercised ordinary business care and prudence. Boyle, 469 U.S. at 246. Petitioner asserts that she and her spouse have been requesting guidance from the IRS since 2007 with regard to allegedly incorrect Forms 1099-MISC, Miscellaneous Income, that they received in 2007, but they had not received any guidance from the IRS regarding their inquiries up until the time of trial. Petitioner further suggests that her failure to timely file and failure to timely pay are due to such unresponsiveness on the part

**[*10]** of the IRS. Without more, however, this assertion is insufficient to establish that she had reasonable cause for her failure to timely file or that she qualifies for any exception to the section 6651(a)(1) addition to tax. Accordingly, we find that petitioner is liable for the addition to tax under section 6651(a)(1).

B.    Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return. When a taxpayer does not timely file a return for the tax year at issue, a valid SFR prepared by the Commissioner pursuant to section 6020(b) is treated as the return filed by the taxpayer for purposes of section 6651(a)(2). Sec. 6651(g)(2). Section 6651(a)(2) does not apply when the taxpayer proves that failure to pay was due to reasonable cause and not willful neglect. Sec. 6651(a)(2). If the taxpayer makes a satisfactory showing that she exercised ordinary business care and prudence in providing for payment of her tax liability but nevertheless either was unable to pay the tax or would suffer undue hardship, she is deemed to have successfully established reasonable cause for purposes of section 6651(a)(2). Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

The parties stipulated that petitioner made no payments of tax with regard to tax year 2010 except for those payments made through withholding. Respondent introduced a valid SFR for petitioner's 2010 tax year. That SFR is subscribed,

**[\*11]** contains sufficient information to compute petitioner's liability, and purports to be a valid return and is, therefore, a valid SFR for purposes of section 6651(a)(2). See Wheeler v. Commissioner, 127 T.C. 200 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Spurlock v. Commissioner, T.C. Memo. 2003-124. Petitioner did not introduce any evidence or otherwise prove that she was unable to pay or that undue hardship would have resulted from making the payments. Consequently, petitioner has not met her burden of persuasion, and we hold that she is liable for an addition to tax under section 6651(a)(2).

C.      Section 6654(a) Addition to Tax

Section 6654(a) and (b) provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax. As relevant to this case, each required installment of estimated tax is equal to 25% of the "required annual payment", which in turn is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return. Sec. 6654(d)(1)(A) and (B).

Respondent met the burden of production for the section 6654(a) addition to tax by showing that petitioner had a required annual payment. Wheeler v.

[*12] <u>Commissioner</u>, 127 T.C. at 211-212. Petitioner filed late returns for tax years 2009 and 2010 after the issuance of the notice of deficiency in this case, and so we disregard those returns for purposes of section 6654(d)(1)(B)(i) and (ii). See <u>Mendes v. Commissioner</u>, 121 T.C. 308, 324-325 (2003); <u>Reynoso v. Commissioner</u>, T.C. Memo. 2013-25; <u>Ellis v. Commissioner</u>, T.C. Memo. 2007-207, <u>aff'd in part, rev'd in part</u>, 346 Fed. Appx. 346 (10th Cir. 2009). Petitioner's required annual payment is thus 90% of the tax owed for tax year 2010. <u>See</u> sec. 6654(d)(1)(B)(i).

Petitioner failed to show that any of the statutory exceptions under section 6654(e) applies. <u>See</u> sec. 1.6654-1(a)(1), Income Tax Regs.; <u>see also</u> <u>McLaine v. Commissioner</u>, 138 T.C. 228, 249 (2012) (the taxpayer bears the burden of showing that one of the relief provisions of section 6654(e) applies). Accordingly, we hold that petitioner is liable for the section 6654(a) addition to tax.

We have considered all of the contentions and arguments raised by the parties, and, to the extent they are not discussed herein, we find them to be without merit, irrelevant, and/or moot.

**[\*13]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.