[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11508
Non-Argument Calendar
_____

Agency No. 026146-09

JOHN THOMAS LONGINO,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(December 12, 2014)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

John Longino challenges the decision of the United States Tax Court that he owes $36,715 in taxes for the year 2006 and a penalty of $7,343. We affirm.

## I. BACKGROUND

In September 2009, the Internal Revenue Service sent Longino a notice of deficiency for his payment of taxes for the year 2006, and the Service assessed Longino an accuracy-related penalty, 26 U.S.C. § 6662. Longino filed a petition in the Tax Court that challenged both the deficiency and the penalty. The Tax Court ruled that, with three exceptions, Longino had failed to substantiate any of his claimed deductions and exemptions. The Tax Court determined that Longino's 2006 tax deficiency was $36,715 and imposed an additional penalty of $7,343 for negligence.

## II. STANDARD OF REVIEW

We review the findings of fact for clear error and conclusions of law *de novo. Blohm v. Comm'r of Internal Revenue*, 994 F.2d 1542, 1548 (11th Cir. 1993). We presume that the deficiency determination and the facts that support it are correct. *Estate of Whitt v. Comm'r of Internal Revenue,* 751 F.2d 1548, 1556 (11th Cir. 1985).

## III. DISCUSSION

We divide our discussion in five parts. First, we explain that the notice of deficiency was valid. Second, we explain that Longino is not entitled to claim three

of his children as dependents. Third, we explain that Longino has not established that the Tax Court erred when it denied him a variety of deductions. Fourth, we explain that Longino has not established that the Tax Court erred when it calculated his deficiency. Fifth, we explain that Longino has not established that the Tax Court erred when it imposed an accuracy-related penalty.

A. *The Notice of Deficiency That Longino Received Was Valid.*

Longino argues that the notice of deficiency he received was defective, but we disagree. He contends that the Service issued the notice only because he failed to attend a meeting at a Florida tax office. But the notice was sufficient on its face: it explained that "the [Service] ha[d] determined that a deficiency exists for a particular year and specif[ied] the amount of the deficiency." *Bokum v. Comm'r of Internal Revenue*, 992 F.2d 1136, 1139 (11th Cir. 1993). We do not consider the "motives" of the Service when it issues a notice of deficiency, *Gatlin v. Comm'r of Internal Revenue*, 754 F.2d 921, 923 (11th Cir. 1985), unless there is "substantial evidence of unconstitutional conduct" and the "integrity of our judicial process" is at stake, *Greenberg's Express, Inc. v. Comm'r of Internal Revenue*, 62 T.C. 324, 328 (1974). Because Longino offered no evidence of misconduct, the notice of deficiency was valid.

B. *Longino Is Not Entitled to Exemptions For Three of His Children.*

3

Longino argues that he is entitled to exemptions for three of his children, but this argument fails. As a noncustodial parent, Longino may claim a child as a dependent only if the "custodial parent signs a written declaration" that she will not claim the child for the relevant year and the "noncustodial parent attaches such written declaration" to the tax return. 26 U.S.C. § 152(e)(2)(A)–(B). Because Longino did not attach to his return a declaration signed by the custodial parent of his children, he is not entitled to the exemptions. Longino's argument that the Full Faith and Credit Clause, U.S. Const. Art. IV § 1, requires the Service to accept his divorce decree as proof is inapposite. And because Longino makes only a "passing reference" to alleged child tax credits, we need not address the issue. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

*C. Longino Is Not Entitled To The Deductions That He Claimed.*

Longino argues that he was entitled to deductions for medical expenses, a charitable contribution, tuition and fee expenses, domestic production activities, and various business expenses. As an initial matter, Longino contends that the burden of proof should have shifted to the Service on each deduction. 26 U.S.C. § 7491(a). But to shift the burden of proof to the Service, Longino had to present "credible evidence" that he was entitled to a deduction, *id.*, comply with the requirements to "substantiate any item," *id.* § 7491(a)(2)(A)–(B), and maintain "all required records," *id*. With respect to each claimed deduction, the Tax Court ruled

4

that Longino had not substantiated his claims, and Longino has not established that the Tax Court erred. We explain each issue in turn.

### 1. Medical Expenses

The Tax Court did not err when it denied Longino a deduction for medical expenses. A taxpayer may deduct certain expenses for the "medical care of the taxpayer, his spouse, or a dependent." 26 U.S.C. § 213(a). The Tax Court found that Longino had presented no evidence that any of the alleged care involved him, his spouse, or a dependent, and Longino fails to explain what evidence rebuts the decision of the Tax Court.

### 2. Charitable Contribution

The Tax Court did not err when it denied Longino a deduction for his alleged $25,000 charitable contribution. Because the contribution was greater than $250 Longino had to "substantiate[] the contribution with a contemporaneous written acknowledgment from the donee." 26 C.F.R. § 1.170A-13(f)(1). The document Longino presented was a self-generated receipt thanking himself, and even that receipt lacked the information required in the "contemporaneous written acknowledgement." *See, e.g.*, *id*. § 1.170A-13(f)(2)(ii) (the document must include a "statement of whether or not the donee organization provide[d] any goods or services in consideration").

5

### 3. Tuition Expenses

The Tax Court did not err when it denied Longino a deduction for his alleged payment of his son's tuition expenses. 26 U.S.C. § 222(a). The Tax Court found that "someone" had paid the tuition, but that none of Longino's credit card or bank statements included payment information that corroborated his "vague testimony" that he had incurred the tuition expenses. The Tax Court is not bound to accept the "unverified, undocumented testimony" of a taxpayer, *Villarreal v. Comm'r of Internal Revenue*, 76 T.C.M. (CCH) 920 at *2 (T.C. 1998), and Longino points to no other evidence to substantiate his claim.

### 4. Domestic Production Activity

The Tax Court did not err when it denied Longino a deduction for domestic production activity. 26 U.S.C. § 199(a)(1)–(2) (2006). Longino argues that he was entitled to a deduction for domestic production activity because he had grading and surveying work done on a parcel of land. But the deduction for domestic production is relevant only where the activity produced income, *see id*. § 199(c), and Longino failed to prove that he earned any income from the land.

### 5. Business Expenses

Longino claimed several deductions as "business expenses," 26 U.S.C. § 162(a), but he failed to establish that he was entitled to any of them. We discuss each of his claimed deductions in turn.

Longino claimed a deduction of $17,731 for transportation expenses related to his business, but he failed to substantiate that deduction. He calculated his deduction by taking ninety percent of the miles he drove for the year and multiplying that number by the "standard mileage rate" promulgated by the Service.  *See* 26 C.F.R. § 1.274-5(j)(2). But Longino failed to substantiate the "business mileage" that he claimed or the "time and business purpose of each use." *Id.* He refers to testimony where he attempted to use Mapquest to reconstruct his business routes, but his claimed deduction is not based on these reconstructions. And he has provided no legal authority that holds that he can substantiate his business mileage with a bare assertion that 90 percent of the miles he drove were business-related.

Longino also argues that he should receive a deduction for the use of his apartment as an office, but this argument fails too. A deduction is only available for a portion of a dwelling if it is used "exclusively" as a principle place of business. 28 U.S.C. § 280A(c)(1)(A). Longino argues that because he testified that the rooms were used exclusively for business purposes, he is entitled to the deduction. But the Tax Court found that his testimony offered "almost no details" about how the rooms were used for his business, and the Tax Court is not bound to accept the "unverified, undocumented" testimony of a taxpayer. *Villarreal*, 76 T.C.M. (CCH) 920 at *2.

7

Finally, Longino fails to establish that the Tax Court erred as to any of his other claimed deductions for business expenses. Longino argues that he should receive a deduction for expenses incurred in the use of his telephones, but he provides no support for that argument outside of referring to unadmitted evidence and an unpublished Tax Court decision. He argues that he should receive a deduction for expenses for "client costs advanced," but offers no response to the decision of the Tax Court that the "client costs advanced" were non-deductible loans when paid out and nontaxable income when recovered. And Longino argues that he should receive deductions for miscellaneous office expenses, postage expenses, and his law library, but Longino again relies on unadmitted evidence, self-generated notes, and his own unverified testimony. He fails to establish that the Tax Court erred when it determined that he had not substantiated these deductions.

*D. Longino Has Not Established That the Tax Court Erred When it Calculated His Deficiency.*

Longino argues that the Tax Court erred when it calculated his deficiency because it did not include tax credits or overpayments from other tax years, but this argument fails. "Deficiency" is defined as "the excess of the tax . . . over the sum of the amount shown as such tax by the taxpayer upon his return and the amounts previously assessed (or collected without assessment) as a deficiency." 26 C.F.R.

§ 301.6211-1(a). The Tax Court calculated that figure. Longino offers no authority that a "deficiency" must be reduced for overpayments or tax credits.

*E. Longino Has Not Established That The Tax Court Erred When It Assessed an Accuracy-Related Penalty.*

Longino challenges the imposition of an accuracy-related penalty, 26 U.S.C. § 6662. Under section 6662, the Service shall assess a penalty "equal to 20 percent of the portion of the underpayment" if the underpayment is due to "[n]egligence or disregard of rules or regulations." *Id*. § 6662(a), (b)(1). Longino contends that the Service erroneously refused to accept his amended 2006 tax return and that the Service failed to satisfy its burden of proof under section 6662.

Both of Longino's arguments fail. First, the Tax Court found that Longino's amended returns asserted a lower tax due than his original return, so even if the Service had used the amended returns, it would not have benefited Longino. Second, when the Service assesses a penalty under section 6662, it bears only the burden of production. *Higbee v. Comm'r of Internal Revenue*, 116 T.C. 438, 447 (2001); *see also* 26 U.S.C. § 7491(c) ("[T]he [Service] shall have the *burden of production* in any court proceeding with respect to the liability of any individual for any penalty." (emphasis added)). And the Service presented substantial evidence of Longino's negligence, including his failure to substantiate most of his deductions, his failure to keep adequate records, and the repeated variations in his

9

claims. Longino must "come forward with evidence sufficient to persuade a [c]ourt that the [Service]'s determination is incorrect." *Higbee*, 116 T.C. at 447. Longino argues that his negligence should be excused because he proved "good faith" when he hired an accountant to help prepare an amended return. *See* 26 U.S.C. § 664(c)(1) (no penalty shall be imposed if the taxpayer establishes that "there was a reasonable cause" for the inaccuracy and "the taxpayer acted in good faith"). But without evidence that the accountant was a competent professional or that Longino relied on his advice in good faith, this argument is unavailing. *Neonatology Associates, P.A. v. Comm'r of Internal Revenue*, 115 T.C. 43, 99 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002).

The remainder of Longino's contentions are meritless.

## IV. CONCLUSION

We **AFFIRM** the decision of the Tax Court.