NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIANGLIN ZHOU, JIE SHEN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1012

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00884-TCW, Judge Thomas C. Wheeler.

---

Decided: March 15, 2018

---

JIANGLIN ZHOU, JIE SHEN, Palo Alto, CA, pro se.

JOHN SCHUMANN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by RICHARD E. ZUCKERMAN, JOAN I. OPPENHEIMER.

---

Before LOURIE, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellants Jianglin Zhou and Jie Shen (together, "Appellants") appeal a decision of the United States Court of Federal Claims ("the Claims Court") granting the government's motion for summary judgment. The Claims Court concluded that there was no genuine issue of material fact regarding whether Appellants had overpaid their personal income taxes for 2006 and 2007. The Claims Court concluded—as the government had argued—that there was no overpayment. *Zhou v. United States*, 133 Fed. Cl. 322, 327 (2017). Because Appellants have not met their burden to demonstrate an overpayment of income taxes, we *affirm*.

## BACKGROUND

On their 2006 joint federal income tax return, Appellants reported their total income as $262,850, and their total tax due as $54,422. Appellants claimed income tax withholding credits totaling $77,893. The Internal Revenue Service ("IRS") posted an account credit of $23,531 based on this reporting. But Appellants only had withheld $57,425 in federal income tax; the remainder of the amount Appellants claimed as federal tax withholding credits consisted of their Social Security and Medicare tax withholdings. The IRS reduced Appellants' account credit by $20,468 accordingly—the difference between the withholding claimed by Appellants and the amount of income tax actually withheld from Appellants' paychecks.

As to Appellants' 2007 joint federal income tax return, Appellants reported their total income as $267,217, and their total tax due as $50,539. Appellants reported they had $49,222 in federal income tax withholdings and that they had made a $5,000 payment. Appellants requested and received a refund of $3,683. Again, however, Appellants included their Social Security and Medicare withholdings in the total reported withholding, but had only withheld $34,696 from their wages. Upon discovery of

this discrepancy, the IRS reduced Appellants' account credit by $14,526.

The IRS issued a notice of deficiency to Appellants in 2010, which included adjustments to various reported expenses, contributions, credits, and deductions among other items. Relevant to this appeal, the IRS listed a $22,827 deficiency for 2006 and a $25,348 deficiency for 2007.

Appellants filed a petition in the United States Tax Court ("the Tax Court") disputing the notice of deficiency. The parties settled before trial and stipulated to amounts that reflected Appellants' tax deficiency and adjusted credits. For the 2006 tax year, the Tax Court entered the parties' stipulation ("the Tax Court Decision") that "there is no deficiency in income tax due from, nor overpayment due to, [Appellants] for the taxable year 2006." Suppl. App'x ("S.A.") 200. The 2006 stipulation further specified that Appellants had an "underpayment of tax" of $158.55. S.A. 227. This stipulation also stated that "[i]t is hereby stipulated that interest will be assessed as provided by law." S.A. 228. For the 2007 tax year, the Tax Court entered the parties' stipulation that "there is a deficiency in income tax due from [Appellants] for the taxable year 2007 in the amount of $319.00." S.A. 200. The Tax Court Decision specified that interest due on any deficiency was not included in the amount listed in the decision, and that interest would be assessed on the deficiency owed by Appellants. S.A. 201.

The IRS credited Appellants' account to reflect the stipulation and Tax Court Decision. For 2006, the IRS applied an adjustment of $16,051 and reversed penalties and interest it had previously assessed, leaving a balance due of $1,843.14. For 2007, the IRS applied an adjustment of $6,943.78, and after a payment made by Appellants, the IRS calculated a balance due of $10,089.17. Appellants failed to pay these amounts, and the IRS

subsequently levied funds from Appellants' Vanguard brokerage account to satisfy the tax liabilities it imposed.

Appellants then filed a complaint before the Claims Court seeking the return of the levied funds and any interest, in the amount of $12,929.25. The government filed a motion for summary judgment, contending that the Tax Court Decision resolved only Appellants' tax deficiencies for 2006 and 2007, not their outstanding tax liability for those years. Under the government's view, the IRS properly levied Appellants' property to satisfy Appellants' tax liability. Appellants argued in response that their tax liabilities for 2006 and 2007 were resolved by the stipulated decision, and they requested time for discovery into various aspects of the Tax Court Decision. Appellants also raised various constitutional due process claims.

The Claims Court granted the government's motion for summary judgment. The court first determined that it could not exercise jurisdiction over Appellants' constitutional claims as monetary damages are not available under the Fourth and Fourteenth Amendments. *Zhou*, 133 Fed. Cl. at 325–26. The Claims Court also denied Appellants' request for discovery, concluding that the stipulation and related Tax Court decision were unambiguous and therefore discovery would not affect the court's interpretation of these documents. *Id.* at 326.

After review of the stipulation and decision, the Claims Court concluded that the stipulated decision did not resolve all of Appellants' tax liability for 2006 and 2007. *Id.* at 323, 327. The Claims Court explained that the stipulation and Tax Court Decision specified that there was no deficiency in tax for 2006, and a deficiency of $319.00 for 2007. *Id.* at 326. The Claims Court found that this language determined Appellants' deficiency amounts for these tax years as well as the overpayment amount for 2006. *Id.* But, the Claims Court explained that the question before it was whether Appellants had

underpaid their taxes in these years—and the Claims Court found the Tax Court Decision was silent on the issue of whether Appellants had paid their outstanding income tax liability. *Id.* Upon review of the stipulation and tax transcripts, the Claims Court determined that the agreed-upon amounts were credited to Appellants' account. The Claims Court explained that Appellants accrued interest and penalties related to their reporting errors that the stipulation and Tax Court Decision did not require the IRS to abate. *Id.* at 327. As Appellants were liable for that debt, the Claims Court determined that the IRS properly levied their brokerage account, as the IRS was not required to abate any interest or penalties to be compliant with the Tax Court Decision. *Id.* As Appellants had not demonstrated that they overpaid their taxes, the Claims Court determined there was no genuine dispute as to any material fact in the case, and granted summary judgment for the government. *Id.*

Appellants timely appealed the Claims Court's decision. The parties do not dispute that we have jurisdiction under 28 U.S.C. § 1295(a)(3) to review Appellants' challenge that the Claims Court erred in finding no genuine dispute of material fact as to Appellants' alleged overpayment of their tax liability.[1]

## DISCUSSION

This court reviews a decision of the Claims Court granting summary judgment *de novo*. *Ladd v. United*

---

[1] To the extent Appellants challenge the Claims Court's dismissal of their constitutional claims on appeal, the Tucker Act does not confer jurisdiction to the Claims Court to consider these claims because they do not mandate payment of money by the government. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

*States*, 713 F.3d 648, 651 (Fed. Cir. 2013).  Rule 56(a) of the Rules of the United States Court of Federal Claims ("RCFC") states that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  We review the Claims Court's "denial of a discovery request . . . for an abuse of discretion." *Freeman v. United States*, 875 F.3d 623, 631 (Fed. Cir. 2017) (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008)).

First, we conclude the Claims Court did not abuse its discretion in denying Appellants' request for discovery under RCFC 56(d) in response to the government's summary judgment motion.  RCFC 56(d) permits a party opposing summary judgment discovery when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Appellants requested six months for discovery related to the parties' stipulation and the Tax Court Decision.

As the Claims Court has explained, "Rule 56(d) 'provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion.'" *RQ Squared, LLC v. United States*, 119 Fed. Cl. 751, 758 (2015) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 265 (1968)).  Accordingly, "[t]he non-moving party will not be allowed to conduct discovery that has no chance of leading to the denial of summary judgment for the movant." *Id.* (citing *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)).  Here, the Claims Court correctly found that all material facts were already before the court, as it had the stipulation, Tax Court Decision, and Appellants' tax account information to review.  These documents are unambiguous, and in the absence of an ambiguity, the court must rely on the language of the documents at issue

and may not consider extrinsic evidence. *HRE, Inc. v. United States*, 142 F.3d 1274, 1276 (Fed. Cir. 1998).[2]

Second, we conclude the Claims Court did not err in determining that Appellants have not established that they overpaid their 2006 and 2007 taxes. "[A] taxpayer is not entitled to a refund unless he has in fact overpaid the particular tax." *Dysart v. United States*, 169 Ct. Cl. 276, 281 (1965). Appellants bear the burden to establish that they overpaid tax in a refund suit. *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932).

Appellants argue on appeal that the parties reached an agreement on Appellants' underpayment or overpayment of taxes in the stipulation and Tax Court Decision, but that the IRS failed to honor the agreement the parties reached. The government contends that Appellants have not shown they overpaid income taxes in 2006 and 2007, based on the agreement the parties reached as documented in the stipulation and Tax Court Decision.

As noted, the Tax Court Decision states that Appellants had no deficiency or overpayment of income tax for 2006, and that Appellants had a deficiency of $319.00 for 2007. S.A. 200. The term "deficiency" is defined by statute as the amount by which the correct tax exceeds the sum of the tax listed by the taxpayer on the return and prior assessments, over any rebates. 26 U.S.C.

---

[2] Appellants also seek discovery under this rule to support their argument that issue preclusion applies. But issue preclusion cannot apply in this case. The Tax Court proceedings determined the amount of Appellants' income tax liabilities, while the Claims Court considered whether Appellants had overpaid on those tax liabilities. Discovery cannot change the conclusion that these are different issues and therefore the Tax Court Decision cannot trigger a preclusive effect as to the Claims Court's decision.

§ 6211(a) (2016). This definition does not include payments by the taxpayer, nor does it refer to a taxpayer's tax liability. *See id.* As the Tax Court has explained, "the amount of a deficiency, whether at the time a notice of deficiency is issued, or at the time a decision is entered by [the Tax Court], turns not on what payments have been applied to an account, but rather on what assessments have been made with respect to that account." *Longino v. Comm'r*, 105 T.C.M. (CCH) 1491, 2013 WL 1104430, at *25 (2013), *aff'd*, 593 F. App'x 965 (11th Cir. 2014). "Payments are not included in determining or redetermining a deficiency, simply because they do not fit within the definition of a deficiency." *Hillenbrand v. Comm'r*, 84 T.C.M. (CCH) 643, 2002 WL 31779972, at *5 (2002) (citing, *inter alia*, 26 U.S.C. § 6211(a)).

The parties' stipulation does not resolve whether Appellants actually paid their tax liabilities—it resolves Appellants' deficiencies for the years in question, and the question of whether Appellants underpaid in 2006. And it does not address the interest and penalties imposed on Appellants' tax underpayment prior to the stipulation date. Interest and failure to pay penalties are imposed by law whenever there has been an underpayment of tax for any period of time. *See* 26 U.S.C. § 6601(a) (interest on a tax underpayment runs from the date the tax was due until the date the tax is paid); 26 U.S.C. § 6651 (failure to file tax return or to pay tax mandates penalty).

As the government explained in its briefing below, and as the Claims Court correctly noted, the IRS abated interest and penalties on the amount of the withholding credit the parties stipulated should be credited to Appellants. But, Appellants were still liable for the interest and penalties from the portion of the withholding credit they claimed on their return but to which they were not entitled, per the parties' stipulation. The Claims Court did not err in concluding that the IRS properly levied

Appellants' account to satisfy their remaining tax liability.

## CONCLUSION

We have considered Appellants' remaining arguments and conclude that they are without merit. For the reasons stated above, we affirm the Claims Court's decision.

**AFFIRMED**